| | |
|---|---|
| DANIEL SMITH, *Plaintiff*, v. SPECIALTY NETWORKS, LLC, *Defendant*. | Case No. 1:24-cv-286<br><br>Judge Curtis L. Collier |
| RICHARD COHEN, *on behalf of himself and all others similarly situated*, *Plaintiff*, v. SPECIALTY NETWORKS, LLC, *Defendant*. | Case No. 1:24-cv-287 |
| WAYMON BLEVINS and VICKIE LYNN BLEVINS, *individually and on behalf of all others similarly situated*, *Plaintiffs*, v. SPECIALTY NETWORKS, LLC, *Defendant*. | Case No. 1:24-cv-288 |

| | |
|---|---|
| DANA JONES, *individually as parent and guardian of A.J., a minor, and on behalf of all others similarly situated,*<br><br>*Plaintiff,*<br><br>v.<br><br>SPECIALTY NETWORKS, LLC,<br><br>*Defendant.* | Case No. 1:24-cv-291 |
| ANN LOVELL,<br><br>*Plaintiff,*<br><br>v.<br><br>SPECIALTY NETWORKS, LLC, and PRIME IMAGING, LLC,<br><br>*Defendants.* | Case No. 1:24-cv-305 |
| LISA BRYSON,<br><br>*Plaintiff,*<br><br>v.<br><br>SPECIALTY NETWORKS, LLC, and SPECIALTY NETWORKS II, LLC,<br><br>*Defendants.* | Case No. 1:24-cv-319 |

## **MEMORANDUM & ORDER**

Before the Court are motions by Plaintiffs in each of the six related cases to consolidate their individual actions and appoint interim lead counsel (Case No. 1:24-cv-286, Doc. 12; Case No. 1:24-cv-287, Doc. 24; Case No. 1:24-cv-288, Doc. 13; Case No. 1:24-cv-291, Doc. 15; Case No. 1:24-cv-305, Doc. 11; Case No. 1:24-cv-319, Doc. 6) pursuant to Rules 23 and 42 of the

Federal Rules of Civil Procedure.[1]  Defendants do not oppose consolidation and take no position on Plaintiffs' request to appoint Interim Lead Counsel.  (*See, e.g.,* Case No. 1:24-cv-286, Doc. 13.)

Under Federal Rule of Civil Procedure 42(a), "if actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a).  The decision of whether to consolidate a case containing the same factual and legal questions is within the trial court's discretion.  *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993).  In considering whether to consolidate cases, trial courts are instructed to consider "[w]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."  *Id.*  (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)).

Upon review of the pleadings, the Court has determined that these cases involve common questions of law and fact and should be consolidated pursuant to Rule 42 of the Federal Rules of Civil Procedure.  The cases are "virtually identical in that they challenge the same alleged conduct and failures by Defendants, and they concern the same underlying data security incident."  (*See e.g.,* Case No. 1:24-cv-286, Doc. 12 at 5.)  Each case relates to the same factual basis and seeks the same relief in response to the same event.  Handling each matter separately would pose unnecessary cost and delay, and consolidating the case will help ensure consistent and efficient

---

[1] The first paragraph of the motions to consolidate and appoint interim lead counsel list five related cases, but the captions list six related cases.  The Court construes this as motions for all six related cases to be consolidated.  (*See, e.g.,* Case No. 1:24-cv-286, Doc. 13.)

adjudications. Therefore, the factors noted above weigh in favor of adjudicating the parties' dispute in a single trial instead of through multiple separate trials.

Rule 23(g)(3) of the Federal Rules of Civil Procedure provides, "[t]he Court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." When evaluating interim class counsel, the Court considers the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." *See, e.g., Wolpert v. Branch Banking Tr. & Co.*, No. 3:19-cv-138, 2023 WL 3263487, at *4 (E.D. Tenn. Mar. 23, 2023). The decision to appoint interim class counsel is within the Court's discretion. *Id.*

Plaintiffs filed declarations by J. Gerard Stranch, IV. in support of their motions to appoint interim lead counsel. (Case No. 1:24-cv-286, Doc. 13; Case No. 1:24-cv-287, Doc. 25; Case No. 1:24-cv-288, Doc. 14; Case No. 1:24-cv-291, Doc. 16; Case No. 1:24-cv-305, Doc. 12; Case No. 1:24-cv-319, Doc. 7). Stranch presents that he has experience in data breach litigation and similar class actions. (*See, e.g.,* Case No. 1:24-cv-286, Doc. 13 at 3.) He also presents that he "diligently investigated the propriety of filing suit, performed case law and statutory research, communicated with prospective named plaintiffs, retained the ultimately chosen named plaintiffs, reviewed all available information regarding the subject data breach and Defendant's response, and searched for and reviewed all information available regarding Defendant's cybersecurity posture and preparedness." (*Id.*) Plaintiffs' counsel agree that Stranch should serve as interim lead counsel. (*Id.*) Therefore, the factors noted above weigh in favor of appointing interim lead counsel.

4

Accordingly, the parties' joint motions to consolidate their individual actions and appoint interim lead counsel (Case No. 1:24-cv-286, Doc. 12; Case No. 1:24-cv-287, Doc. 24; Case No. 1:24-cv-288, Doc. 13; Case No. 1:24-cv-291, Doc. 15; Case No. 1:24-cv-305, Doc. 11; Case No. 1:24-cv-319, Doc. 6) pursuant to Rules 23 and 42 of the Federal Rules of Civil Procedure are **GRANTED**. J. Gerard Stranch, IV. is **APPOINTED** as Plaintiffs' Interim Lead Counsel. The cases are **CONSOLIDATED** under the caption for the first-filed action, Case No. 1:24-cv-286, and all future filings shall be made in that case. The Court **DIRECTS THE CLERK** to make an appropriate entry in the Master Docket. The parties shall file a consolidated amended complaint within thirty (30) days of this Order being entered.

**SO ORDERED.**

**ENTER:**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**